UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
Michael Donnel Wesley,                    :
                                          :
          Plaintiff,                :      05 Civ. 5912
                                          :
     -against-                          :      **OPINION & ORDER**
                                          :
Correction Officer Badge #9417, et al.,   :
                                          :
          Defendants.               :
------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      On or about June 27, 2007, *pro se* plaintiff Michael Donnel Wesley ("Plaintiff") filed a complaint in this Court, which alleged, *inter alia*, claims for failure to protect, unlawful strip search, excessive force, and failure to intervene in excessive use of force, and deliberate indifference to medical needs against The City of New York, Commissioner of Corrections, Martin L. Horn,[1] Correction Officer Rodriguez #9417,[2] Captain Tucker #129, Correction Officer Sabino #11222, Correction Officer Huilts #9697, Correction Officer John Soriano #9555, Correction Officer Breantley Fred #8064, Correction Officer Ortiz #3989, Correction Officer Captain Michael Johnson #96 (collectively, "Defendants"). Defendants now move this Court to enforce an oral settlement agreement entered into by the parties during a teleconference with the Court on September 20, 2007. For the reasons set forth below, Defendants' motion for enforcement is GRANTED.

                      **I.    FACTUAL BACKGROUND**

      Settlement discussions between the parties date back to March 2006. By letter dated March 6, 2006, Defendants extended a settlement offer to Plaintiff in the amount of $200.00. Declaration of Sarah Evans in Support of Defendants' Motion to Enforce the Settlement Agreement ("Evans Decl."), Exhibit A. On April 18, 2007, just prior to a case status conference with the Court, Plaintiff declined Defendants' settlement offer. Id. at ¶ 5. Prior to Defendants' deposition of Plaintiff on May 23, 2007, Plaintiff advised

---

[1] Pursuant to a stipulation dated June 21, 2007 the parties agreed to dismiss with prejudice all claims that were or could have been asserted against Commissioner Martin L. Horn. Stipulation of Dismissal and Discontinuance, ordered on June 20, 2007.
[2] This action was terminated on January 26, 2007 against Correction Officer Rodriguez #9417. Civil Docket Sheet, Wesley v. Correction Officer et al., 05 Civ. 5912.

Defendants' counsel that he would accept $6,000.00 to settle the case and would not reduce this demand. Id. at ¶ 9.

Thereafter, this Court sought to facilitate settlement discussions. On June 12, 2007, at the parties' behest, the Court referred the case to Magistrate Judge Katz for a settlement conference. During the June 29, 2007 conference with Judge Katz, Plaintiff rejected Defendants' settlement offer of $750.00 and restated his $6,000.00 demand. By letter dated September 7, 2007, Plaintiff notified the Court and Defendants that after a conversation with his attorney in another case pending in the Southern District of New York, he would accept $2,500.00 to settle the instant case. Evans Decl., Ex. B. At the Court's request and with the Court present, a settlement teleconference was held on September 20, 2007 during which both parties voluntarily consented to settle this matter in its entirety for a total of $1,625.00.[3] The Court instructed the parties to submit an executed Stipulation and Order of Discontinuance to remove the case from its trial calendar. Thereafter, on the same day, defense counsel mailed to Plaintiff the necessary settlement paperwork including a Stipulation and Order of Discontinuance, General Release and an Affidavit of No Liens/Concerning Liens. On October 22, 2007, because no Stipulation and Order of Discontinuance was submitted, the Court issued an order directing the parties to prepare for trial to commence on November 6, 2007. The next day, defense counsel sent another package of settlement paperwork to the Plaintiff via overnight delivery.

On October 31, 2007, the parties participated in another teleconference with the Court during which Plaintiff informed the Court and defendants' counsel that he no longer wished to settle the case for $1,625.00 because the cost of the hearing aid exceeded the amount of the settlement.[4] Defendants' counsel notified the Court and Plaintiff that she intended to file a motion for enforcement of the settlement agreement. Thereafter, on November 1, 2007, the Court set a briefing schedule for the motion for

---

[3] The Court proposed this settlement amount to resolve this case. It is the meeting point between Defendants' last settlement offer to Plaintiff of $750.00 and Plaintiff's last settlement demand of $2,500.00. Both parties agreed that to this amount.

[4] By letter dated October 24, 2007 (received by the Court on November 1, 2007), Plaintiff notified the Court and Defendants that he "was not ready to proceed with the case at this time" because a doctor told him that he needed a hearing aid (to treat the alleged injuries that are the subject of this lawsuit), the cost of which exceeded the settlement amount.

enforcement.[5] On November 16, 2007, Defendants moved for enforcement of the settlement agreement and despite ample opportunity to respond, Plaintiff failed to do so.

## II. DISCUSSION

It is undisputed that the parties reached an oral agreement to settle this case during the September 20, 2007 teleconference with the Court and that both Mr. Wesley and Ms. Evans had authority to settle this case. A settlement agreement, whether oral or memorialized in writing, is a contract interpreted according to the principles of contract law, and is binding and conclusive. Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007) (citation omitted).[6] When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences were incorrect or because he had a change of mind. United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994). These principles apply equally to a pro se litigant. See, e.g., Little v. Greyhound Lines, Inc., No. 04 Civ. 6735, 2005 U.S. Dist. LEXIS 22247, at *6 (S.D.N.Y. Sept. 29, 2005) (granting defendants' motion to enforce settlement agreement with *pro se* plaintiff).

It is the duty of this Court to enforce a settlement agreement in a case that was pending before it and which it has approved. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). Courts in this Circuit apply a four-pronged balancing test to determine whether parties, who orally agree to settle the matter but fail to fully execute documents to that end, intend to be bound by those oral representations: (1) whether either party communicated an intent *not to be bound* in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all the terms of the settlement had been agreed to—i.e., whether there was anything left to be decided; and (4) whether the agreement is the type of contract that is normally reduced to writing. Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80-83 (2d Cir. 1986). The Court must carefully balance each one of the four factors to determine whether the parties

---

[5] The Court ordered Defendants to move for enforcement on or before November 16, 2007, Plaintiff to answer on or before November 30, 2007. November 1, 2007 Order at 1. By letter dated November 6, 2007, Plaintiff requested additional time to respond to Defendants' motion for enforcement. The Court granted Plaintiff's request by letter dated November 19, 2007 and ordered Plaintiff to respond to Defendants' motion on or before December 14, 2007.

[6] Since the motion will be resolved in accordance with contract principles, one threshold issue for the Court (not raised by either side) is whether the Court should apply federal or state law. This Court need not reach the choice of law issue since "there is no material difference between the applicable state law or federal common law standard." Ciaramella v. Reader's Digest Assn, 131 F.3d 320, 322 (2d Cir. 1997).

intended to be bound and to "guard against the possibility that the parties will seek to manipulate settlements to gain strategic advantage, settling and unsettling litigation to suit their immediate purpose." Media Group, Inc. v. HSN Direct Int'l, Ltd., 202 F.R.D. 110, 112 (S.D.N.Y. 2001); see also Powell, 497 F.3d at 129-30.

With respect to the first prong of the Winston test, neither party made any reservation to be bound only by a written agreement. During the September 20th settlement conference with the Court, both parties voluntarily consented to settle the case for the agreed upon amount and the Court made it clear that the case was concluded. Indeed, on the call, the Court informed Plaintiff that Defendants' counsel would forward (without delay) all of the settlement paperwork, including a general release, to him, in part, because the parties had agreed to all of the material terms of the settlement during the teleconference with the Court (the second prong of the Winston test). See, e.g., R.G.Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 76 (2d Cir. 1984) ("[A] factor is whether there was literally nothing left to negotiate or settle, so that all that remained to be done was to sign what had already been fully agreed to.").

With respect to the third prong, there was partial performance of the settlement agreement. Counsel for Defendants had prepared and finalized all of the necessary paperwork and mailed them to Plaintiff for his signature. The only remaining acts to full performance of this transaction were (1) for Plaintiff to execute and return the release and (2) for the Defendants to issue a one-time, lump sum check in the amount of $1,625.00.

With respect to the last prong, although the settlement was not made in open court on the record, it was made in the presence of, facilitated and approved by the Court, which weighs in favor of enforcement. "Settlements of any claim are generally required to be in writing, or, at a minimum, made on the record in open court." Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 326 (2d Cir. 1997). The significance of the agreement memorialized in open court is to ensure that there is some formal entry to document the "deliberateness" of the parties' acceptance. Powell, 497 F.3d at 131. Here, the terms of the agreement were not of the type that this Circuit has deemed sufficiently complex as to suggest that parties would not have intended to be bound without formal execution of a written agreement. See, e.g., Ciaramella, 131 F.3d at 326 (settlement agreement contained numerous provisions that would apply in perpetuity).

Thus, on balance, the parties consented to a valid oral settlement agreement during the September 20, 2007 teleconference with the Court and because neither party has raised good cause sufficient to invalidate this contract, Plaintiff will not be relieved of the consequences of this agreement. See Willgerodt v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (court enforced pro se defendant's oral agreement to settle). Cf. Ciaramella, 131 F.3d at 320 (declining to enforce oral settlement agreement where, *inter alia*, there had been no partial performance, the parties had not agreed upon all material terms, and the agreement was sufficiently complex to signal that the parties did not intend to be bound absent a written agreement).

### III. CONCLUSION

Defendants' motion to enforce the September 20, 2007 settlement agreement is GRANTED and the parties are directed to execute the release and other necessary paperwork within 30 days from date. In the event that at the end of 30 days from date and upon proof that the check was mailed to the Plaintiff, the Plaintiff has failed to sign and return the release, the case will be dismissed with prejudice.

The Clerk of the Court is instructed to close this case and remove it from my docket.

SO ORDERED.
New York, New York
January ___, 2008

_____
U.S.D.J.

5